Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the trial court erred in denying his motion for new counsel without making further inquiry regarding the reasons for the request *(see, People v Sides,* 75 NY2d 822, 824; *People v Sawyer,* 57 NY2d 12, 18-19, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178; *People v Slaughter,* 162 AD2d 640, 641, *lv granted* 76 NY2d 944, *revd on other grounds* 78 NY2d 485).

Furthermore, the record reflects that defendant knowingly, intelligently and voluntarily entered his pleas of guilty *(see, People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Latimer,* 176 AD2d 350). His belated protestations of innocence and claims of coercion do not entitle him to withdraw his pleas *(see, People v Latimer, supra; People v Tuttle,* 141 AD2d 584; *People v Melendez,* 135 AD2d 660, *lv denied* 70 NY2d 1008). Therefore, we conclude that the court did not abuse its discretion in denying defendant's oral motion, made at the time of sentencing, to withdraw his guilty pleas *(see, People v Cannon,* 150 AD2d 383). (Appeal from Judgment of Chautauqua County Court, Adams, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. RANCKA, Appellant. (Appeal No. 2.) [600 NYS2d 651] — Judgment unanimously affirmed. Same Memorandum as in *People v Rancka* ([appeal No. 1] 193 AD2d 1123 [decided herewith]). (Appeal from Judgment of Chautauqua County Court, Adams, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. RANCKA, Appellant. (Appeal No. 3.) [600 NYS2d 651] — Judgment unanimously reversed on the law, plea vacated and superior court information dismissed. Memorandum: Defendant executed a waiver of indictment and consented to be prosecuted on a superior court information that charged him with burglary in the second degree. The judgment of conviction was entered upon defendant's guilty plea to the crime as charged in that information.

Defendant's conviction must be reversed. The record does not reflect that, when defendant waived indictment and consented to be prosecuted on a superior court information, he had been held for Grand Jury action with respect to the offense charged in that information, as required by NY Consti-